IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TRUMAN COIN GROSS,                                                                           PLAINTIFF
ADC #135755

v.                                 5:18-cv-00309-BSM-JJV

DARREN DANIELS, Sergeant,
Varner Super Max Unit, ADC; *et al.*                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. INTRODUCTION

Truman Coin Gross ("Plaintiff") is a prisoner in the Varner Super Max ("VSM") Unit of the Arkansas Department of Correction ("ADC"). He has filed a *pro se* Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants ADC Director Wendy Kelley, Assistant Director Dexter Payne, Warden James Gibson, Warden James Shipman, Assistant Warden Jared Byers, Records Supervisor Nancy Straughn, and Records Coordinator Charonda Rushing violated the Interstate Agreement on Detainers Act ("IADA") and infringed his constitutional right to procedural due process by refusing to process his request for final disposition of a Missouri warrant.[1] (Doc. No. 13.)

Defendants have filed a Motion for Summary Judgment on the issue of exhaustion and the merits of Plaintiff's claims. (Doc. Nos. 51, 52, 53.) Plaintiff has not responded, and the time to do so has expired. After carefully reviewing the pleadings and for the following reasons, I

---

[1] All other claims raised in the Amended Complaint have been dismissed without prejudice. (Doc. Nos. 19, 46.)

conclude Defendants' Motion for Summary Judgment should be GRANTED and this case DISMISSED.

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III. ANALYSIS

### A. Exhaustion of Administrative Remedies[2]

---

2 Defendants ask the Court to rule on their exhaustion argument only if they are not entitled to summary judgment, and dismissal with prejudice, on the merits of Plaintiff's claims. (Doc. No.

3

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to: (1) fully and properly exhaust their administrative remedies as to each claim in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out and doing so properly so that the agency addresses the issues on the merits"). Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility. *Id.*

The grievance policy of the ADC in effect at the time of the alleged constitutional violations was Administrative Directive 14-16, and Plaintiff's allegations are governed by that

---

53 at 5-6.) However, the Eighth Circuit has held that a court must dismiss unexhausted claims without prejudice before proceeding to the merits of any exhausted claims. *Davis v. Harmon*, Case No. 10-1863, 2010 WL 3259378 (8th Cir. Aug. 19, 2010) (unpublished opinion); *Barbee v. CMS*, Case No. 10-1891, 2010 WL 3292789 (8th Cir. Aug. 23, 2010) (unpublished opinion); *Lyon v. Vande Krol,* 205 F.3d 806, 808 (8th Cir. 2002). Thus, I will address the exhaustion defense first.

Directive.  (Doc. No. 51-4.)  Pursuant to the Directive, an inmate is required to attempt informal resolution of a problem or complaint prior to filing a formal grievance.  (*Id.*)  This is accomplished by completing and submitting the Unit Level Grievance Form within fifteen days after the occurrence of the incident.  (*Id.*)  The form must include "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form."  (*Id.* at 5-6.)  Following an attempt at informal resolution, an inmate may proceed by filing a formal grievance on the same Unit Level Grievance Form.  (*Id.*)  The warden or his designee must provide a written response within twenty working days of receipt.  (*Id.* at 10.)  If dissatisfied with the response, the inmate may appeal within five working days to the appropriate Chief Deputy/Deputy/Assistant Director.  (*Id.*)  The Chief Deputy/Deputy/Assistant Director must provide a written response within thirty working days, which is the final step of the administrative procedure.  Importantly, Administrative Directive 14-16 includes the following warning:

> Grievances must specifically name each individual involved for a proper investigation and response to be completed by ADC.  Inmates must fully exhaust the grievance prior to filing a lawsuit.  Inmates who fail to name all parties during the grievance process may have their lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties.

(*Id.* at 4-5.)

In August of 2018, Plaintiff filed and fully exhausted two grievances, VSM 18-2316 and VSM 18-2447, alleging Defendants Gibson and Straughn refused to process his requests for final disposition of the outstanding Missouri warrant.  (Doc. Nos. 51-6, 51-7.)  Plaintiff did <u>not</u> name Defendants Kelley, Payne, Shipman, Rushing, Daniels, or Byers in those grievances, as he was clearly required to do by the ADC's exhaustion policy.  According to the Declaration of Inmate Grievance Supervisor Terri Grigsby, Plaintiff did not file any other grievances regarding the claims

raised in this lawsuit. (Doc. No. 51-5 at 2.) Plaintiff has not refuted this evidence or demonstrated the ADC's grievance process was unavailable to him.

It is well settled a prisoner must fully exhaust his available administrative remedies as to each named defendant before filing a complaint in federal court. *See Townsend v. Murphy*, 898 F.3d 780, 784 (8th Cir. 2018); *Burns v. Eaton*, 752 F.3d 1136, 1141–42 (8th Cir. 2014); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). Because Plaintiff did not do so as to Defendants Kelley, Payne, Shipman, Rushing, Daniels and Byers, I recommend his claims against them be dismissed without prejudice. *Jones,* 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

### B. IADA and Procedural Due Process Claim Against Defendants Gibson and Straughn

Article III of the IADA allows prisoners to demand a speedy disposition of criminal charges pending against them in other jurisdictions. 18 U.S.C. App. § 2 to 9; *United States v. Daily,* 488 F.3d 796, 800-801 (8th Cir. 2007). The purposes of Article III are to preserve a prisoner's ability to present an effective defense, receive a speedy trial, and participate in treatment and rehabilitation programs. *Cuyler v. Adams*, 449 U.S. 433, 449 (1981). Prisoners cannot invoke their rights under the IADA without their custodians' assistance. Specifically, an IADA request must be sent to the appropriate prosecuting official by the prisoner's custodian and it must include a certificate, containing certain specified information, signed by that custodian. 18 U.S.C. App. § 2(a) and (b).

In August, September, and early October 2018, Defendants Gibson and Straughn allegedly ignored or refused to process Plaintiff's IADA request for final resolution of a 2017 warrant pending against him in McDonald County, Missouri. (Doc. No. 13.) But, Defendant Gibson states, in his Declaration, that he mailed Plaintiff's IADA request, certificate, and other necessary

forms to the McDonald County District Attorney on October 31, 2018, and they were received by that individual on November 6, 2018, which was approximately one month before Plaintiff commenced this lawsuit on December 10, 2018. (Doc. Nos. 1, 51-1, 51-2, 51-3.) The documents accompanying that Declaration support Defendant Gibson's assertion, and Plaintiff has not presented any contrary evidence. (*Id*.) A custodian's delay in forwarding an IADA disposition request to prosecuting officials does not give rise to a cause of action under § 1983. *Rhodes v. Schoen*, 574 F.2d 968, 970 (8th Cir. 1978); *Jones v. Page*, 2017 WL 4767998 (E.D. Ark. Oct. 20, 2017) (unpublished opinion); *Cole v. Winters*, 2007 WL 433260 (E.D. Mo. Feb. 5, 2007) (unpublished opinion). Accordingly, Defendants Gibson and Straughn are entitled to judgment, as a matter of law, on Plaintiff's IADA and procedural due process claims.

IV.   **CONCLUSION**

IT IS THEREFORE RECOMMENDED THAT:

1.   Defendants' Motion for Summary Judgment (Doc. No. 51) be GRANTED, Plaintiff's claims against Defendants Kelley, Payne, Shipman, Rushing, Daniels and Byers be DISMISSED WITHOUT PREJUDICE, and his IADA and procedural due process claims against Defendants Gibson and Straughn be DISMISSED WITH PREJUDICE.

2.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 6th day of August 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE